UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Isaac Green

   v.                                    Civil No. 18-cv-803-PB

YouTube, LLC et al.[1]

**O R D E R**

Plaintiff Isaac Green has filed the following motions, which are before this magistrate judge for consideration:

- "Plaintiff's Request for a Default Ruling on Twitter" (Doc. No. 31);

- "Plaintiff's Joint Request for a Default Ruling on Facebook, GoFundMe, Google & Blogspot" (Doc. No. 50);

- "Plaintiff's Joint Motion to Strike Illicit Pleading – Objection to Hearing Filed by Tim McLaughlin" (Doc. No. 57);

- "Plaintiff's Joint Response for Motion to Strike Defendants Answers/Motion to Remove Attorney McLaughlin as Counsel for Twitter for Violation of Federal Court Rules" (Doc. No. 58);

- "Plaintiff's Joint Motion to Strike Answers of Facebook and Twitter" (Doc. No. 70);

- "Plaintiff's Joint Motion for Summary Judgment Against YouTube, Google, Blogspot & GoFundMe" (Doc. No. 72)[2];

---

[1]The defendants in this case are: Google LLC; Twitter, Inc.; YouTube, LLC; Patreon, Inc.; Facebook, Inc.; GoFundMe, Inc.; and Blogspot.com.

[2]Although plaintiff has identified this motion as one for summary judgment, it is, in fact, a motion seeking entry of default against defendants identified therein, and the court therefore so construes it.

- "Plaintiff's Joint Motion to Quash All Pleadings from Timothy McLaughlin" (Doc. No. 83); and

- "Plaintiff's Joint Motion to Strike Answers Filed on 5/29" (Doc. No. 84).

Defendants have filed objections to these motions. See Doc. Nos. 61, 62, 73, 76, 77, 88, 91, 93, 94, 96, 97, 99, 102.

## Discussion

I. <u>Default</u>

A defendant in a civil action must file and serve an answer to a complaint, or a motion to dismiss the complaint, within twenty-one days of being served with the complaint. See Fed. R. Civ. P. 12(a)(1)(A)(i). Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the entry of a default against a defendant in a case is appropriate only upon a showing that that party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

II. <u>Motions for Default as to Twitter (Doc. Nos. 31, 58)</u>

Green seeks an entry of default against defendant Twitter, Inc. ("Twitter") alleging that Twitter failed to file a timely response to his complaint. Twitter was served on April 25, 2018. See Doc. No. 73, at 2. On April May 3, 2018, Attorney Timothy McLaughlin filed an "Appearance of Counsel" (Doc. No. 13) on behalf of Twitter. On May 8, 2018, Twitter filed a

2

timely motion to dismiss (Doc. No. 24) the complaint. See Fed. R. Civ. P. 12(a)(4). Accordingly, Twitter has not failed to plead or to defend this case, and the motion for entry of default as to Twitter is denied.

> B. Facebook, GoFundMe, Google, YouTube, and Blogspot.com (Doc. Nos. 50, 57, 58, 70, 72, 83, 84)

Green seeks an entry of default against defendants Facebook, Inc. ("Facebook"); GoFundMe, Inc. ("GoFundMe"); Google LLC ("Google"); Blogspot.com; and YouTube, LLC ("YouTube"). He also moves to strike or quash all pleadings that any attorney has filed on behalf of Google, YouTube, Blogspot.com, and GoFundMe, contending the attorneys for those defendants failed to file timely appearances, and those defendants did not file timely answers.

> 1. Facebook

Facebook was served on April 24, 2018. See Doc. No. 62, at 1. Facebook's answer was thus due on May 15, 2018. See Fed. R. Civ. P. 12(a)(1)(C). On May 15, 2018, Attorney Joseph Aronson filed a timely motion to dismiss (Doc. No. 48) on behalf of Facebook.[3] That filing constituted the appearance of Attorney

---

[3]Facebook's motion to dismiss (Doc. 48) is docketed on May 16, 2018, as it had to be refiled for technical reasons, but was originally filed on May 15, 2018. The court deems the motion to

3

Aronson on behalf of Facebook, see LR 83.6(a), and effectively extended Facebook's answer deadline. See Fed. R. Civ. P. 12(a)(4).

On May 9, 2018, Attorney Aronson moved to allow Attorneys Matan Shacham and Travis Silva to appear in this case on behalf of Facebook, pro hac vice (Doc. Nos. 28, 29). The court granted those motions, and thus Attorneys Shacham and Silva have properly appeared in this matter on behalf of Facebook. See June 18, 2018 Order (Doc. No. 90). Accordingly, Facebook has not failed to plead or defend this case, and the motion for entry of default as to Facebook is denied.

### 2. GoFundMe

GoFundMe was served on June 21, 2018, see Doc. No. 98, several days after Attorneys Shacham and Silva were granted leave to appear in this matter on behalf of GoFundMe pro hac vice. See Doc. Nos. 28, 29; June 18, 2018 Order (Doc. No. 90). On July 3, 2018, the court issued an Order allowing GoFundMe until July 23, 2018 to answer or otherwise respond to Green's complaint. See July 3, 2018 Order. On July 23, 2018, GoFundMe filed a timely motion to dismiss (Doc. No. 103) both the initial complaint (Doc. No. 1) and plaintiff's amended complaint (Doc.

---

be timely filed.

4

No. 59-1[4]), which effectively extended GoFundMe's answer deadline. See Fed. R. Civ. P. 12(a)(4). Accordingly, GoFundMe has not failed to plead or defend this case, and the motion for entry of default as to GoFundMe is denied.

### 3. Google and Blogspot.com

Google was served on April 24, 2018. See Doc. No. 73, at 2. Blogspot.com is an online domain owned by Google, at which Google administers its blogging service, Blogger. See Doc. No. 73, at 2 n.3.[5] Google's and Blogspot.com's answer was thus due on May 15, 2018. See Fed. R. Civ. P. 12(a)(1)(C). On May 8, 2018, Attorney McLaughlin filed a timely motion to dismiss (Doc. No. 25) the complaint on behalf of Google, and by extension

---

[4]Since the filing of GoFundMe's motion to dismiss, plaintiff's amended complaint has been redocketed as Document No. 104.

[5]Green has requested a default ruling against Blogspot.com. It is not clear that Blogspot.com is a separate entity from Google for purposes of this suit. Moreover, all of the allegations Green has made against Blogspot.com concern harm alleged to have been incurred by another individual, Natasha DeLima. DeLima is the plaintiff in another case in this court, DeLima v. YouTube, Inc. et al., No. 17-cv-733-PB, with which Green has sought to consolidate this case. In a separate Order issued this date, Green's request to consolidate the cases is denied, as the DeLima case has been dismissed. Additionally, in a Report and Recommendation issued simultaneously with this Order, this magistrate judge has recommended that all of the claims asserted against Blogspot.com in this action be dismissed on the basis that Green, as a self-represented litigant, cannot assert claims on behalf of anyone other than himself.

Blogspot.com, which extended the answer deadline. That signed filing constituted the appearance of Attorney McLaughlin on behalf of Google and Blogspot.com, pursuant to LR 83.6(a). Accordingly, Google and Blogspot.com have not failed to plead or defend this case, and the motion for entry of default as to Google and Blogspot.com is denied.

### 4. YouTube

YouTube was served on May 3, 2018. See Doc. No. 32. YouTube's answer was thus due on May 24, 2018. See Fed. R. Civ. P. 12(a)(1)(C). On May 8, 2018, Attorney McLaughlin filed a timely motion to dismiss (Doc. No. 25) the complaint on behalf of YouTube. That signed filing constituted the appearance of Attorney McLaughlin on behalf of YouTube, pursuant to LR 83.6(a), and effectively extended YouTube's answer deadline under Fed. R. Civ. P. 12(a)(4). Accordingly, YouTube has not failed to plead or defend this case, and the motion for entry of default as to YouTube is denied.

## II. Motions to Strike and/or Quash Attorney McLaughlin's Filings (Doc. Nos. 57, 58, 83, 84)

Green requests that this court strike and/or quash any pleadings that Attorney McLaughlin has filed on behalf of any defendant other than Twitter. Green claims that since Attorney

McLaughlin only filed an appearance in this case on behalf of Twitter, none of the pleadings he filed on behalf of any other defendant should be considered by the court.  Green's contention about the scope of Attorney McLaughlin's appearance is mistaken. See Doc. No. 13, 14, 25, 25-1 (appearances for Twitter, YouTube, and Google/BlogSpot.com).  Accordingly, the court denies Green's motions to strike or quash Attorney McLaughlin's pleadings on behalf of those defendants.

III. Motion to Strike Attorney Aronson's Filings (Doc. No. 58)

Green asks the court to strike the answer and other pleadings filed by Attorney Aronson on behalf of Facebook and GoFundMe in this case, on the basis that Attorney Aronson "is not a licensed attorney for the state of New Hampshire, and although he paid a 'fee' to file, he did not meet the deadline to respond, and slow walked his answer to the Plaintiff's [sic] and it was not received within the 21 days, and is also full of inaccuracies."  Doc. No. 58, at 1.

Attorney Aronson is a licensed attorney admitted to practice in this court.  Also, as stated above, Attorney Aronson filed a timely motion to dismiss (Doc. No. 48) Green's complaint on behalf of Facebook.  GoFundMe was not served until June 22, 2018, by which time Attorneys Shacham and Silva had been admitted to appear in this matter, pro hac vice, on behalf of

7

both Facebook and GoFundMe. See Doc. No. 90. Attorney Shacham filed a timely motion to dismiss (Doc. No. 103) on behalf of GoFundMe.

For these reasons, there is no basis to strike or quash any pleading filed by Attorney Aronson. Accordingly, plaintiff's motion (Doc. No. 58) seeking that relief, is denied.

## Conclusion

For the reasons set forth in this Order, the court finds that, as to each defendant, counsel has properly appeared and timely responded to the complaint. Accordingly, no defendant has defaulted, and no document in this case should be stricken or quashed on the basis of the improper appearance of counsel or the failure to timely respond to the complaint. Accordingly, plaintiff's motions seeking such relief and the entry of defaults (Doc. Nos. 31, 50, 57, 58, 70, 72, 83, 84) are DENIED.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

March 13, 2019

cc: Isaac Green, pro se
　　Timothy John McLaughlin, Esq.
　　Matan Shacham, Esq.
　　Travis Silva, Esq.
　　Joseph H. Aronson, Esq.
　　Stephen J. Soule, Esq.
　　Nolan C. Burkhouse, Esq.